IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH, et al., | No. C 11-02411 SI |
| Plaintiffs, | **ORDER DENYING MOTION TO ALTER OR AMEND** |
| v. | |
| THE SANTA ROSA PRESS DEMOCRAT, et al., | |
| Defendants.   / | |

On October 20, 2011, the Court granted defendants' special motion to strike, dismissed plaintiff's complaint with prejudice, and entered judgment accordingly. Plaintiff's complaint asserted causes of action related to a series of articles about plaintiff published in the *Santa Rosa Press Democrat* that plaintiff contended were defamatory and portrayed her in a false light. The Court found that plaintiff's defamation-based claims against the newspaper and its employees were barred as a matter of law because the articles' reports about the legal proceedings plaintiff was involved in were protected by California's fair and true report privilege. *See* Docket No. 33. The Court also found that various statements plaintiff complained of were not actionable as a matter of law.

On November 17, 2011, plaintiff filed a motion to alter or amend judgment under Rule 59(e). Plaintiff contends that the Court erred in dismissing the complaint and asserts that she has evidence which demonstrates that she was injured by the false information conveyed by the articles. *See* Docket No. 37. The Court will treat the motion as one for leave to file a motion for reconsideration and DENIES that motion for the following reasons.

Plaintiff's motion to alter and amend demonstrates that plaintiff's main grudge is not that the

1  *Press Democrat* did not make accurate reports on plaintiff's legal proceedings, but that the *Press*
2  *Democrat* did not present plaintiff's side of the story regarding the series of landlord tenant disputes she
3  has been involved in. *See* Docket No. 37, Smith Decl., ¶¶ 6-15. However, as discussed in the prior
4  Order, the fair and true report privilege does not require the press to report a plaintiff's version of the
5  facts, but only a fair and true report of the actual legal proceedings and comments made in and regarding
6  those proceedings. Plaintiff does not demonstrate that the *Press Democrat* articles did not accurately
7  report on what actually transpired in the legal proceedings or what was said by counsel or the Court.
8  Moreover, the *Press Democrat* did present plaintiff's position. *See, e.g.*, Payne Decl., Ex. A at A-1 -
9  A-2 (noting Smith denied any wrongdoing and Smith asserted that she was being defamed for defending
10 her rights and complaining about substandard housing).

11      Plaintiff likewise re-raises her argument that the *Press Democrat* was somehow prohibited from
12 reporting on the Cook matter – and counsel for Cook was somehow prohibited from speaking about the
13 case – because the Cook landlord-tenant case had not yet proceeded to trial and was still "under seal."
14 Smith Decl., ¶¶ 26-27. However, as noted in the Court's original Order, reports of confidential
15 proceedings are protected by the fair and true report privilege. October 20, 2011 Order at 7-8.

16      Plaintiff complains that she did not know that to oppose a special motion to strike under the anti-
17 SLAPP statute, she needed to provide evidence demonstrating the strength of her claims. Smith Decl.,
18 ¶¶ 40-43. Plaintiff provides evidence, in the form of her declaration discussed above as well as
19 declarations from her son and others, regarding the damage she and her son have suffered since the
20 publication of the *Press Democrat* articles. *See* Docket No. 37. However, the evidence submitted does
21 not change the fact that plaintiff's defamation-related claims fail as a matter of law because the
22 statements she complains of are either protected by the fair and true report privilege or are non-
23 actionable statements. *See* October 20, 2011 Order.

24      For the foregoing reasons, plaintiff's motion to alter or amend the judgment is **DENIED**.

27 ///

2

The Court also notes that defendants' motion for attorneys fees is set to be heard on December 16, 2011, but plaintiff has not filed an opposition to that motion. The Court intends to leave the attorneys fees motion set for December 16, 2011, and advises plaintiff that she should file an opposition to that motion, if any, on or before **December 2, 2011.**

**IT IS SO ORDERED.**

Dated: November 23, 2011

SUSAN ILLSTON
United States District Judge