IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH on behalf of herself and her minor child Zeus Harrison Smith,<br><br>Plaintiffs,<br><br>v.<br><br>THE SANTA ROSA PRESS DEMOCRAT, et al.,<br><br>Defendants.<br>_____/ | No. C 11-02411 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS FEES AND COSTS** |

Currently before the Court is defendants' motion for an award of $34,015.00 in attorneys fees and $5,747.50 in costs under California's anti-SLAPP statute. Cal. Code Civ. Proc. § 425.16(c)(1). That motion came on for hearing on December 16, 2011. Plaintiff did not file a written opposition to the motion, but did attend the hearing, where she argued that defendants were not entitled to attorneys fees at all, and in the alternative, that they should be awarded significantly less than the $34,015.00 sought.

An award of attorneys fees and costs to a defendant who successfully moves to strike under the California anti-SLAPP statute is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The fees requested, however, must be reasonable in light of the circumstances of the case. *See, e.g., Cabral v. Martins*, 177 Cal. App. 4th 471, 491 (Cal. App. 2009); *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242, 1250-52 (Cal. App. 2006). Moreover, fees should only be awarded for work reasonably related to the special motion to strike brought under the anti-SLAPP statute. *See, e.g., Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1320 (Cal. App. 2008); *cf. Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal. App. 4th 1379, 1383 (1995) (when a suit includes causes of

action not covered by an anti-SLAPP motion to strike, attorney's fees incurred in obtaining dismissal of the non-anti-SLAPP causes of action cannot be awarded under the anti-SLAPP statute). Finally, fees are also recoverable for the reasonable time spent seeking an award of statutory attorney's fees. *Ketchum,* 24 Cal. 4th at 1141.

Based on the above authorities and the fact that every cause of action alleged in plaintiff's complaint was subject to defendants' successful motion to strike, the Court concludes that defendants are entitled to a mandatory award of attorneys' fees and costs for work reasonably related to their anti-SLAPP motion. This includes defense counsels' time in reviewing the initial and amended complaint, communication with plaintiff regarding their intent to file a special motion to strike if plaintiff did not dismiss her complaint, the time drafting the pleadings for the anti-SLAPP motion, and the time related to seeking fees. The Court also finds that the hourly rates requested by counsel are reasonable and within the range of billing rates for attorneys performing comparable work.

Finally, the Court has considered the specific time records submitted by defendants' counsel – as well as plaintiff's argument that the time entries show "padding" – and concludes that the majority of the time claimed by defense counsel was reasonably necessary to litigate the anti-SLAPP motion and the fee motion. Defense counsel spent 89 hours of time preparing for and litigating the anti-SLAPP motion. While that amount of time appears to be high, the Court recognizes that a significant evidentiary record had to be built (relying on court and other public records regarding plaintiff's prior landlord tenant disputes) in order to support defendants' fair and true report privilege claim. Moreover, the billing records submitted are supported by specific descriptions of the work completed by each attorney and paralegal, and there does not appear to be any "padding" as alleged by plaintiff. *But see Christian Research Inst. v. Alnor,* 165 Cal App 4th 1315, 1326 (2008) (substantial evidence supported trial court's conclusion that the billing hours counsel submitted were vague, unreasonably padded, and noncredible, thereby justifying a severe reduction).

However, the Court finds evidence of some unnecessary duplication, as reflected by the time records for the associates responsible for drafting the briefs and the partner reviewing and editing them – both on the substantive motion to strike as well as the motion for attorneys fees. There is no evidence that defense counsel have already exercised billing discretion to take into account such duplication. As

such, the Court finds a 10% reduction in the lodestar is appropriate.

Finally, plaintiff complains that defendants should not be awarded fees for defense counsels' time that was not billed to them. *See, e.g.*, Ex. A to Declaration of Thomas Burke (listing separately "unbilled " and "billed" totals). However, simply because defendants did not pay some portion of the fees incurred by defense counsel for their representations does not mean they are not recoverable. *See, e.g., Lolley v. Campbell*, 28 Cal. 4th 367, 373 (2002) ("California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets."); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 287 (Cal. App. 2001) (section 425.16 and case law "support the recovery of attorney fees that have accrued in representing the defendants here, notwithstanding counsel's agreement not to look to defendants for payment.").

For the foregoing reasons, defendants' motion for attorneys fees and costs is GRANTED. Defendants are awarded $30,613.50 in fees and $5,747.50 in costs.

**IT IS SO ORDERED.**

Dated: December 19, 2011

SUSAN ILLSTON
United States District Judge

3